dor's title. The slightest inquiry would have disclosed to the purchaser that the vendor had a title to only one-sixth of the property. Cameron was a business man, and left a considerable estate. It is not to be presumed that he would have taken Thibodaux's mere say-so that he had a good title to the property. The only reasonable explanation of the transaction, in the absence of all other evidence, is that Cameron knew what title Thibodaux had, and consented to purchase, taking the chance of holding the whole tract under his vendor's ambiguous title. In our opinion Cameron knew the defects of the title he acquired, and therefore had no just reasons to believe that he was purchasing from the true owner. The evidence shows that the defendant has not cut any timber from the land in dispute.

It is therefore ordered that the judgment below be reversed, and it is now ordered that the plaintiff and the defendant be recognized as joint owners of the tract of land described in the petition, in the proportion of five-sixths to the plaintiff and one-sixth to the defendant. It is further ordered that said tract of land be sold for cash, according to law, for the purpose of effecting a partition between the parties; that plaintiff's demand for an accounting for timber be rejected; and this cause be remanded for further proceedings according to law. Costs of suit up to date in the court below, and costs of appeal, to be paid by defendant.

---

(56 South. 630.)

No. 19,125.

STATE v. FIKE.

(Nov. 27, 1911.)

*(Syllabus by the Court.)*

CRIMINAL LAW (§ 1156*)—NEW TRIAL—MISCONDUCT OF JUROR—REVIEW.

Unless there is manifest error in the trial judge's appreciation of the evidence on a rule for a new trial on the ground of misconduct of a juror, this court will not set aside his ruling. In the present case, his ruling is sustained by the evidence, and is manifestly correct.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 3067–3071; Dec. Dig. § 1156.*]

Appeal from Twelfth Judicial District Court, Parish of Sabine; Don E. So Relle, Judge.

H. C. Fike was found guilty of manslaughter, and he appeals. Affirmed.

J. H. Boone and J. B. Lee, for appellant. Walter Guion, Atty. Gen., and James G. Palmer, Dist. Atty. (G. A. Gondran, of counsel), for the State.

BREAUX, C. J. The defendant was charged with having taken the life of A. L. James.

He was indicted for murder, and found guilty of manslaughter, and sentenced by the court to eight years at hard labor in the penitentiary.

He appealed.

There are two bills of exceptions, and a motion for a new trial, which was overruled. One of these bills of exceptions was taken to the court's action in refusing the application for a new trial.

The defendant grounds his defense on the misconduct of the jury and especially the bias of one of the jurors.

The bill of exceptions does not disclose that there was any misconduct on the part of the jury as a body.

Special bias on the part of one of the tales jurors is the ground, and about the only ground.

It is stated by the defense that he sought to become a member of the jury, and made remarks to the brother of the deceased a short time before he was called to be examined on his voir dire, such as, "Take me; I will do a child's part."

Part of the testimony and one inference to be drawn from these words present this tales juror, G. R. Pilcher, in a very objectionable light, if they be true.

But the trial judge did not think that it was as stated by the witness, who was a nephew of the defendant; that is, he did not think that this nephew had heard the tales juror say "take me to serve on the jury," as this nephew states.

A copy of the testimony heard below on the application for a new trial is before the court. It forms a part of the bill of exceptions taken to the court's refusal to grant a new trial.

Generally, the court's ruling regarding the weight of testimony admitted to prove alleged misconduct of the jury is final unless there is manifest error.

In Hill v. State, 42 Neb. 503, 60 N. W. 916, it is decided that evidence to impeach a verdict based on bias is left largely to the discretion of the trial judge.

But, the evidence being before us, we have given it careful consideration, and have arrived at the conclusion that the judgment refusing to grant a new trial is correct.

One witness—the nephew of the defendant as before stated—testified regarding this tales juror, as before stated. That is, that this tales juror had said, if taken as a juror, he was prepared to convict, regardless of the evidence.

The district attorney testified that no such conversation could have been overheard by this nephew. He was with the brother of the deceased at the time that this nephew says he heard the tales juror make the remark. The district attorney said, although he was with this brother of the deceased, he heard no such remark from the tales juror.

The brother of the deceased also testified and denied that any such request was made of him.

There was no good ground to set aside the verdict.

There was another bill of exceptions, and other points taken in the court below.

They were not pressed in this court. We have given them consideration, and have not found that they have any merit.

Having examined all of the points of this case, and not having found grounds to set aside the verdict, it follows that it must be affirmed.

For reasons stated, it is ordered, adjudged, and decreed that the sentence and judgment are affirmed.

---

(56 South. 631.)

No. 19,064.

STATE v. ACCARDO et al.

(Nov. 27, 1911.)

*(Syllabus by Editorial Staff.)*

1. LARCENY (§ 32*) — INDICTMENT — SUFFICIENCY.

An indictment for larceny from a freight car owned by a specified railroad company well known in the state is not fatally defective for failing to state whether the company was a corporation.

[Ed. Note.—For other cases, see Larceny, Cent. Dig. § 86; Dec. Dig. § 32.*]

2. INDICTMENT AND INFORMATION (§ 174*) — ACCESSORIES BEFORE THE FACT.

Under Rev. St. § 976, requiring criminal procedure to follow the common law unless otherwise provided, an accessory before the fact cannot be convicted on an indictment charging him as a principal.

[Ed. Note.—For other cases, see Indictment and Information, Cent. Dig. §§ 540–543; Dec. Dig. § 174.*]

3. CRIMINAL LAW (§ 1171*)—APPEAL—HARMLESS ERROR — ARGUMENT OF PROSECUTING ATTORNEY.

Argument by the district attorney, stating in effect that he had made a separate and independent investigation of the case in his official capacity and found accused guilty, was reversible error.

[Ed. Note.—For other cases, see Criminal Law, Dec. Dig. § 1171.*]

4. CRIMINAL LAW (§ 1171*)—APPEAL—HARMLESS ERROR — ARGUMENT OF PROSECUTING ATTORNEY.

In a larceny trial, it was not reversible error for the district attorney to state that a third person was the leader in the offense and made the two defendants steal, but that the proper place for defendants was the penitentiary with the third person, that defendants